Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 200401-81079
DATE: May 28, 2021

ORDER

The Veteran is not competent to handle disbursement of Department of Veterans Affairs (VA) funds; the appeal is denied.

FINDING OF FACT

The Veteran lacks the mental capacity to contract or manage personal affairs, including the disbursement of funds, without limitation.

CONCLUSION OF LAW

It is shown by clear and convincing evidence that the Veteran is not competent to handle disbursement of VA funds. 38 U.S.C. §§ 5103, 5103A, 5502 (2018); 38 C.F.R. §§ 3.159, 3.353 (2020).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service in the U.S. Marine Corps from June 1980 to June 1986 and from January 1988 to February 2002. This matter comes before the Board of Veterans' Appeals (Board) on appeal of an October 2019 rating decision which found that the Veteran was not competent to handle disbursement of VA funds. In his March 2020 appeal to the Board, the Veteran elected the direct review option. Therefore, the Board may only consider the evidence that was before the Agency of Original Jurisdiction (AOJ) at the time of the October 2019 rating decision in appeal. 

The Board notes that evidence received after the October 2019 rating decision indicates that the Veteran is not satisfied with his current fiduciary. Because the Veteran has not yet appealed the separate determination of his current fiduciary, the Veteran is instructed to file such claim if he remains unsatisfied with his current fiduciary.

The Veteran is not competent to handle disbursement of VA funds.

The Veteran asserts that he is capable of managing his own VA funds. See, e.g., March 2020 VA Form 10182.

Under VA regulations, a mentally incompetent person is one who, because of injury or disease, lacks the mental capacity to contract or to manage his or her own affairs, including disbursement of funds without limitation. 38 C.F.R. § 3.353 (a) (2020).

Unless the medical evidence is clear, convincing, and leaves no doubt as to the person's incompetency, the rating agency will not make a decision of incompetency without a definite expression regarding the question by the responsible medical authorities. Determinations as to incompetency should be based upon all evidence of record, and there should be a consistent relationship between the percentage of disability, facts relating to commitment or hospitalization, and the holding of incompetency. 38 C.F.R. § 3.353 (c). 

There is a presumption in favor of competency, and where reasonable doubt arises regarding a beneficiary's mental capacity to contract or to manage affairs, including the disbursement of funds without limitation, such doubt will be resolved in the veteran's favor.

In this case, the Veteran is service-connected for the following disabilities: legally blind, residual of stroke associated with hypertension, 100 percent disabling; coronary artery disease with hypertensive heart disease and aortic dissection, 100 percent disabling; posttraumatic stress disorder (PTSD), 100 percent disabling; lumbosacral strain, 20 percent disabling; tinnitus, 10 percent disabling; and hypertension, 0 percent disabling. The Veteran is also in receipt of special monthly compensation based on the need for aid and attendance.

An October 2016 Court Order held that the Veteran was substantially unable to manage his financial resources or to resist fraud or undue influence. The Order further appointed the Veteran's daughter as conservator of the Veteran's estate.

A May 2018 VA primary care note indicated that the Veteran suffered a stroke in 2015. His daughter reported that the Veteran had bleeding in his brain and was hospitalized. Since his stroke, he was legally blind in both eyes. He depended on his sister for his activities of daily living, and lived with his daughter. His memory was very poor. The examiner assessed severe dementia. 

A September 2018 VA Examination for Housebound Status or Permanent Need for Regular Aid and Attendance (VA Form 21-2680) indicated that the Veteran did not have the ability to manage his own financial affairs. The examining physician noted that the Veteran's daughter managed his finances.

A November 2018 VA Form 21-2680 again indicated that the Veteran did not have the ability to manage his own financial affairs due to his poor memory status.

At a December 2018 VA initial PTSD examination, symptoms included suspiciousness, chronic sleep impairment, impairment of short and long-term memory, memory loss for names of close relatives, own occupation, or name, difficulty in understanding complex commands, impaired abstract thinking, gross impairment in thought processes or communication, difficulty in adapting to stressful circumstances, intermittent inability to perform activities of daily living, and disorientation to time or place. The examiner opined that the Veteran's symptoms resulted in total occupational and social impairment, and noted that the Veteran's dementia appeared to impact his functional impairment significantly. Regarding the Veteran's competency, the examiner stated that the Veteran had been unable to manage his finances since he experienced his stroke in 2015. The examiner further stated that the Veteran's daughter was his conservator and managed his finances. 

In August 2019, the RO proposed a finding of incompetency. The Veteran did not thereafter submit any evidence in support of his competency to manage his VA funds.

Based on the foregoing, the Board finds that the evidence of record clearly and convincingly shows that the Veteran is not competent of managing his VA funds. As reflected above, a Court and all three examiners definitively opined that the Veteran is not capable of managing his financial affairs. Their opinions are consistent with the evidence of record showing blindness, severe dementia, severe memory loss, difficulty in understanding complex commands, impaired abstract thinking, gross impairment in thought processes or communication, difficulty in adapting to stressful circumstances, intermittent inability to perform activities of daily living, and disorientation to time or place. The Board further notes that the Veteran's daughter managed the Veteran's finances prior to the RO's determination of incompetency. 

As the evidence clearly and convincingly shows that the Veteran is unable to manage his financial affairs at this time, the Board finds that the Veteran is not competent to handle disbursement of VA funds. The appeal is denied. 38 U.S.C. § 5107 (b) (2018); 38 C.F.R. §§ 3.102, 3.353 (2020).

 

 

Kristin Haddock

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Roya Bahrami, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.